*217 WYNN, Circuit Judge,
concurring:
I concur in the well-reasoned majority opinion. I write separately to underscore the importance of addressing the legality of strip searching detainees held outside the general population in the appropriate case.
In Florence v. Board of Chosen Freeholders of County of Burlington, the Supreme Court left open the question of whether strip searching detainees held outside the general population would be constitutional. — U.S. -, 132 S.Ct. 1510, 1511, 182 L.Ed.2d 566 (2012) (“[T]he controversy concerns whether every detainee who will be admitted to the general population may be required to undergo a close visual inspection while undressed.”) (emphasis added). The splintered Florence decision included two concurrences and a strongly worded dissent, each óf which expressed unease with the indiscriminate strip searching of detainees held outside of the general population. See id., 132 S.Ct. at 1523 (Roberts, C.J., concurring); id. at 1524 (Alito, J., concurring); id. at 1525 (Breyer, J., joined by Ginsburg, Sotomayor, and Kagan, JJ., dissenting).
Thus, in Florence, the Supreme Court staked out an important limitation to its holding. Florence does not apply to strip searches of detainees held outside of the general population. It now falls to us to apply the Constitution and relevant precedent to those cases that Florence does not control. Clearly, as this Court holds today, our ruling in Logan v. Shealy does not put officers on reasonable notice as to the limits the Constitution places on strip searches under the circumstances of this case. 660 F.2d 1007, 1013 (4th Cir.1981).
This Circuit has held that it is appropriate to address the constitutional merits in a qualified immunity case where doing so would “clarify and elaborate upon our pri- or jurisprudence in important and necessary ways.” See Doe ex rel. Johnson v. S. Carolina Dep’t of Soc. Servs., 597 F.3d 163, 169 (4th Cir.2010) (citing Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)). There can be no question that our jurisprudence in this area needs clarification and elaboration.
Unfortunately, by not reaching the constitutional merits in this matter, we leave corrections officers adrift in uncharted waters. Nonetheless, because the trial court confined itself to the “clearly established” prong of the qualified immunity analysis and did not reach the constitutional merits, and because the parties focused on the “clearly established” prong on appeal, I join with the majority opinion in delaying our consideration of this important constitutional issue for another day.*

 In fact, pending before this same panel is Cantley v. West Virginia Regional Jail, No. 13-7655, in which the district court held that the strip search of a detainee held outside the general jail population was constitutional.